UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN L. EMERY,<br><br>               Plaintiff,<br><br>   v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>               Defendant. | NO: 12-CV-0215-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Entry of Judgment (ECF No. 61). This matter was submitted for consideration without oral argument. The Court has reviewed the motion and the record herein and is fully informed.

DISCUSSION

Plaintiff moves for the entry of judgment on his previously dismissed claims pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) permits entry of judgment on claims that have been dismissed on summary judgment "only if the

ORDER DENYING MOTION FOR ENTRY OF JUDGMENT ~ 1

court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of the rule is to facilitate an immediate appeal of dismissed claims while additional claims remain pending in the trial court. *See* Fed. R. Civ. P. 54(b), Advisory Committee Note to 1946 Amendment (noting that Rule 54(b) was adopted "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case"). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

This is not the "unusual case" in which entry of separate judgments is appropriate. To the contrary, this case presents the rather routine scenario in which a subset of the plaintiff's claims was dismissed on summary judgment, leaving a handful of other claims to be resolved at trial. The Court finds that Plaintiff will not be prejudiced by being forced to wait an additional two months[1] to pursue an

---
[1] A bench trial on Plaintiff's remaining claims is scheduled for December 2, 2013.

ORDER DENYING MOTION FOR ENTRY OF JUDGMENT ~ 2

appeal of his dismissed claims.  Accordingly, Plaintiff's motion for entry of judgment is denied.

**IT IS HEREBY ORDERED:**

Plaintiff's Motion for Entry of Judgment (ECF No. 61) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** October 22, 2013.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge